996 F.2d 1236
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael T. CRANWILL, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 93-3023.
 United States Court of Appeals, Federal Circuit.
 May 14, 1993.
Rehearing Denied June 11, 1993.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Michael T. Cranwill appeals the June 8, 1992 decision of the Administrative Judge (AJ), Docket No. DE0432900466B1, which became the final decision of the Merit Systems Protection Board (MSPB or Board) when the full Board denied review on October 2, 1992. The Board sustained the Department of Veterans Affairs' (DVA's) performance-based removal action against Mr. Cranwill. Because the Board's findings and decision are supported by substantial evidence, and are not arbitrary, capricious, or not in accordance with the law, we affirm.
 
 DISCUSSION
 
 2
 On appeal, Mr. Cranwill argues that the DVA provided him with no written performance plan at the beginning of the performance appraisal period because the performance appraisal form he signed in April of 1989 was blank. Therefore, Cranwill argues that the agency violated 5 U.S.C. § 4302(b)(2) (1988), which requires the agency to communicate to its employees, at the beginning of each appraisal period, the performance standards and critical elements of their positions. As a result of this violation, Cranwill argues that his subsequent removal is invalid.
 
 
 3
 This argument does not appear to have been raised before the Board as no findings were made on this point.[1] Additionally, Cranwill has pointed to no testimony or evidence in the record which shows that he raised this issue before the Board or that he timely complained that he was unaware of the performance standards or critical elements of his position at the outset of the evaluation period. It is well settled that this court will not consider on appeal issues that were not raised before the Board. Stokes v. Federal Aviation Admin., 761 F.2d 682, 684 n. 1 (Fed.Cir.1985). Even considering this argument, however, provides no grounds for reversal because Cranwill's assertion that the DVA did not provide him with a written performance plan is unsupported by preponderant or indeed any evidence. The performance appraisal document in the joint appendix had attached to it the information regarding performance standards and critical elements of Cranwill's position. Therefore, the AJ had an adequate basis for impliedly inferring that this attachment was also appended to the document originally signed by Cranwill despite his subsequent claim that it was missing. We therefore reject this assertion on appeal.
 
 
 4
 Mr. Cranwill also argues that the Board violated his due process rights by refusing to decide his October 24, 1990 motion to dismiss. The motion to dismiss alleged that the agency's performance plan lacked specificity as to the criteria of timeliness of loan referrals or documentation of servicing defaulted loans, two areas of the critical loan servicing element where Cranwill's performance was found unsatisfactory. According to Cranwill, because of this lack of specificity he had no notice of what was required of him, and as a result, he was not afforded an opportunity to successfully meet the critical elements as required by 5 U.S.C. § 4302a(b)(5) (1991). Therefore, Cranwill argues, his removal was invalid because of these flaws in the agency's performance improvement plan.
 
 
 5
 This argument also fails because the Board, in its February 12, 1992 decision, specifically remanded the case after the AJ's initial decision, for additional findings regarding the adequacy of the agency's timeliness and documentation performance criteria. On remand, the AJ found that the timeliness criteria was given content by Cranwill's supervisor, Ms. Meir-Bolte, who set specific time limits during the performance improvement period (PIP) to be met on each of the loan files found to have errors for being untimely referred for termination. This finding is supported by Meir-Bolte's testimony that she instructed petitioner during numerous counseling sessions as to when each file should be referred for termination in order to be considered timely. Cranwill does not dispute receiving such instructions.
 
 
 6
 With respect to the documentation criteria, the AJ similarly found that Meir-Bolte gave Cranwill specific instructions during the PIP as to what documentation would be required in a number of files found to have errors due to insufficient documentation. This finding is also supported by Meir-Bolte's testimony that during various counseling sessions she requested petitioner to document his reasons for taking further actions in servicing certain loan files.
 
 
 7
 We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Cheeseman v. Office of Personnel Mgmt., 971 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). We conclude that there has been no denial of petitioner's due process rights by the Board's failure to rule on petitioner's motion to dismiss. The Board specifically addressed the issues raised in petitioner's motion by its findings that the timeliness and documentation criteria of the loan servicing critical element were sufficiently specific. These findings are supported by substantial evidence.
 
 
 8
 We have considered petitioner's other arguments and find them to be without merit.
 
 
 
 [1]
 The AJ did find, however, that the agency had met its obligation of establishing that the performance appraisal system under which it took the removal action was approved by the Office of Personnel Management, as required by the statute